## CURRENT OHIO COURT of APPEALS CASES
### Weekly Advance Abstract Opinions

No. 774

STATE OF OHIO ex rel STANTON v. STANNARD

Ohio Appeals, 8th Dist., Cuyahoga County

No. 5518. Decided July 1, 1924

963. PROSECUTING ATTORNEYS—1. Prosecutor has no authority to settle litigation.

2. Where prosecutor refuses to prosecute action for taxpayer after the former starts the action, the taxpayer has a right to be made a party and proceed with the action himself.

VICKERY, P. J.          Epitomized Opinion

Published Only in Ohio Law Abstract

This was an action by Stanton, Prosecutor of Cuyahoga county, to recover certain money received by one Stannard, Sheriff, from the County Treasurer. One Harris demanded that Stanton, as Prosecuting Attorney, bring an action to recover certain money that Harris claimed Stannard, as Sheriff, had illegally drawn from the Treasury, which grew out of feeding of the prisoners in the County Jail. The total amount prayed for was something over $33,000. After some consultation, consideration and delay on the part of Stanton a suit was finally brought. Three separate causes of action were set up in the petition. A general demurrer was interposed to the petition by counsel for Stannard. As the demurrer was a general demurrer, it was overruled, though the court intimated that one of the causes of action was valid.

The issues were then made up and the Prosecutor, without the knowledge or consent of Harris, settled with Stannard for $3,346. Although Harris was the moving spirit of this litigation, it was settled without his knowledge or consent and the money immediately paid by the Sheriff. Harris objected to the settlement and later filed a motion to become a party plaintiff, which was overruled. Harris then prosecuted error. The principal question for the consideration of the Court of Appeals was whether Stanton could cut off the right of a tax payer to have the question litigated in the courts by bringing the suit himself and then settling it without the consent and against the protests of the taxpayer for a small sum. In reversing the judgment of the lower court, the Court of Appeals held:

1. The Prosecuting Attorney has no authority under the statute to settle litigation of any kind.

2. The taxpayer has the right to see that his case is prosecuted as it was intended in the statute and if the Prosecutor fails, at any stage of the game, to prosecute the case, the taxpayer has a right to be made a party and to continue the litigation, recognizing, of course, that if such taxpayer was insolvent, the court could make him give security for the costs of the prosecution of such suit either in error or otherwise.

Attorneys—Klein and Harris, for State; Dowling, Dowling & Moriarity, for Stannard; all of Cleveland.